UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-1429 |
| | ) |
| WILLIAM RANKIN, *Physician* and | ) |
| C. STEIN, *Nurse*, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se and incarcerated in the Illinois River Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims.

In reviewing the Complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). The court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that on January 9, 2014, the evening nurse was dispensing Remeron 45g to inmates due to a flu virus being spread throughout the prison. That nurse gave the plaintiff additional medication in the form of three grayish color pills which plaintiff stated was Coumadin 9 mg. The plaintiff explained to the nurse he was not familiar with taking this medication and asked why all of a sudden was it being ordered. She said it was ordered for his health and he would most likely have to take it the rest of his life. The plaintiff claims he was given Coumadin daily from January 9, 2014 through January 23, 2014. However, the Administrative Review Board decision, attached to the Complaint, states that the plaintiff received 5 does of Coumadin. On January 17, 2014, the plaintiff awakened to use the bathroom and was bleeding from the rectum, he allegedly informed Nurse Stein. Throughout the following days, the bleeding continued, and plaintiff claims he asked each of the nurses why he was ordered to take this medication without ever being scheduled for an appointment. Finally, on January 23, 2014, Nurse Stein was dispensing the medications and plaintiff again complained about being prescribed Coumadin and about the bleeding. Nurse Stein checked into plaintiff's

medical records concerning the medication and later in the day informed the plaintiff that he had been given the Coumadin by mistake, that it was intended for another inmate by the name of Adams. Plaintiff was not given any towels or anything else from the healthcare unit to ease the flow of bleeding.

The court concludes the plaintiff has stated a valid Eighth Amendment claim. Accordingly, this case will be sent for service.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Nurse Stein. The plaintiff further alleges that an unidentified nurse initially gave him the incorrect medication and that this error was repeated at subsequent medication passes. As a result, Nurse Doe #1 and Nurse Doe #2 will be added as defendants in this case. Plaintiff does not appear to allege that Dr. William Rankin participated in the error, but the court will allow Dr. Rankin to remain in the case so this may be investigated through discovery. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to add Nurse Doe #1 and Nurse Doe #2 as defendants.

12. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

Entered this 19th day of November, 2014.

/s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE